# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2504
Lower Tribunal No. 2017-SC-012560

_____

DR. GARY BORAKS, LLC a/a/o RUNNELL D. CURRY,

Appellant,

v.

FLORIDA INSURANCE GUARANTY ASSOCIATION,

Appellee.

_____

Appeal from the County Court for Orange County.
Amanda S. Bova, Judge.

April 17, 2026

PER CURIAM.

AFFIRMED. *See* § 631.70, Fla. Stat. (2020) ("The provisions of s[ection] 627.428 providing for an attorney's fee shall not be applicable to any claim presented to the [Florida Insurance Guaranty Association] under the provisions of this part, *except when* [*FIGA*] denies by affirmative action, other than delay, a covered claim or a portion thereof." (emphasis added)); *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 438, 453 (Fla. 2005) ("With regard to permissible damages in a duty to defend action, we hold that FIGA's liability shall not exceed the policy limits of the

insolvent insurer (up to the statutory maximum), plus interest from the date of judgment against the insured (if the payment of such interest is provided for under the policy's supplementary payment provision), as well as statutory interest from the date of judgment against FIGA and any attorneys' fees *resulting from FIGA's* denial of coverage. . . . Attorney's fees may . . . be awarded pursuant to section 631.70 of the Florida Statutes *when FIGA* denies a covered claim by affirmative action other than delay. . . . [T]he proper award of damages in the instant matter could have only been a base award of [the policy limit of the insolvent insurer (up to the statutory maximum)], commensurate with [the insolvent insurer's] limit of liability in the underlying policy, plus interest on that amount as provided under the policy's supplementary payment provision, and statutory interest from the date of the judgment against FIGA until payment along with attorney fees *due to FIGA's* denial of coverage." (citations omitted) (emphasis added)); *see generally Fla. Ins. Guar. Ass'n, Inc. v. Waterfire Restoration, LLC*, 427 So. 3d 996, 998 (Fla. 4th DCA 2025) ("FIGA is not obligated to pay attorneys' fees to the same extent as an insurer . . . ." (citing § 631.70, Fla. Stat.)); *SFR Servs., LLC v. Fla. Dep't of Fin. Servs. o/b/o Avatar Prop. & Cas. Ins. Co.*, 412 So. 3d 179, 180 n.4 (Fla. 6th DCA 2025) ("[T]he attorney's fees provisions of section 627.428 are not 'applicable to any claim presented to [FIGA],' with a limited exception." (second alteration in original) (quoting § 631.70, Fla. Stat.)); § 631.51(1), Fla. Stat. (stating that one of the statutory

2

"purposes" of the FIGA statute is to "[p]rovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer").[1]

SMITH, BROWNLEE and PRATT, JJ., concur.

Chad A. Barr and Dalton L. Gray, of the Law Office of Chad A. Barr, P.A., Altamonte Springs, for Appellant.

Megan G. Colter and Dorothy DiFiore, of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, Richard B. Bush, of Bush & Augpsurger, P.A., Tallahassee, and Dylan J. Hall, of Bush & Augpsurger, P.A., Orlando, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[1] Sections 627.428 and 631.70, Florida Statutes, were repealed effective March 24, 2023. *See* ch. 2023-15, §§ 11, 24, 31, Laws of Fla.